IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RONALD L. RING,<br><br>    Plaintiff,<br><br>v.<br><br>LANOHA NURSERIES, INC.,<br><br>    Defendant. | Case No. 8:17-CV-00235-RFR-SMB<br><br><br>**ORDER ON FINAL<br>PRETRIAL CONFERENCE** |

A final pretrial conference was held on the 15th day of February, 2019. Appearing for the parties as counsel were:

**James D. Hamilton for the Plaintiff, Ronald L. Ring.**

**A. Stevenson Bogue and Ruth A. Horvatich for the Defendant, Lanoha Nurseries, Inc.**

**(A)** **Exhibits.** See attached Exhibit List.

Caution: Upon express approval of the judge holding the pretrial conference for good cause shown, the parties may be authorized to defer listing of exhibits or objections until a later date to be specified by the judge holding the pretrial conference. The mere listing of an exhibit on an exhibit list by a party does not mean it can be offered into evidence by the adverse party without all necessary evidentiary prerequisites being met.

**(B)** **Uncontroverted Facts.** The parties have agreed that the following may be accepted as established facts for purposes of this case only:

2

[State in detail all uncontroverted facts, including those which are to be stipulated, in such form that the statement may be read to the jury.]

1. **Ronald Ring ("Ring") first worked for Lanoha Nurseries, Inc. ("Lanoha Nurseries") in or around 2007.**

2. **In or around 2009, Ring voluntarily left his employment with Lanoha Nurseries due to issues relating to Hepatitis C and cirrhosis.**

3. **In 2011, Ring was recruited back to Omaha from Arizona to work for Lanoha Nurseries by Chris Lanoha ("Lanoha"). At the time he recruited Ring to come back to work, Lanoha was aware that Ring had Hepatitis C and cirrhosis.**

4. **During his second period of employment, Lanoha Nurseries permitted Ring to not work on Saturdays and provided him with additional time off.**

5. **In or around October 2015, Ring spoke with Lanoha and asked him for time off relating to a treatment for Hepatitis C.**

6. **Ring did not perform any work for Lanoha Nurseries from September 28, 2015 through November 9, 2015.**

7. **Ring's employer provided health insurance was terminated as of October 1, 2015.**

8. **Ring received notice of the termination of his employer provided health insurance on or about November 10, 2015.**

9. **Ring's employment ended with Lanoha Nurseries on November 24, 2015.**

10. Ring's position with Lanoha Nurseries during both of his periods of employment was as a Mechanic.

11. At the time of his separation from employment, Ring's wage rate was $20 per hour.

**(C) Controverted and Unresolved Issues.** The issues remaining to be determined and unresolved matters for the court's attention are:

[List all legal issues remaining to be determined, setting out in detail each element of the claim or defense which is genuinely controverted (including issues on the merits and issues of jurisdiction, venue, joinder, validity of appointment of a representative of a party, class action, substitution of parties, attorney's fee and applicable law under which it is claimed, and prejudgment interest). Specify any special damages or permanent injuries claimed. In any negligence action, specify elements of negligence and contributory negligence, if any. Any other unresolved matters requiring the court's attention, such as possible consolidation for trial, bifurcated trials on specified issues, and pending motions, shall also be listed.]

1. **Disability Discrimination Claim** (Complaint Count I)
    a. **Whether Ring was unlawfully terminated because of his disability in violation of the Nebraska Fair Employment Practices Act (NFEPA) and the Americans with Disabilities Act (ADA).**
        i. **To establish a prima facie case of disability discrimination, Ring must show the following:**
            1. **he has a qualifying disability under the NFEPA and ADA;**
            2. **he is a qualified individual under the ADA; and**

4

        3. he was subjected to an adverse employment action due to his disability.
- ii. If Ring establishes his prima facie case, the burden shifts to Lanoha Nurseries to articulate a legitimate, nondiscriminatory reason for adverse action.
- iii. After articulating such a reason, the burden shifts back to Ring to present evidence that the reason is pretextual.

b. Whether Plaintiff suffered special damages as a result of Disability Discrimination and the extent of the same.
- i. Back Wages
- ii. Front Wages
- iii. Out of Pocket Expenses

c. Whether Plaintiff suffered emotional distress damages as a result of Disability Discrimination and the extent of the same.

d. Whether Defendant's conduct entitles Plaintiff to punitive damages.

Relating to this claim, Lanoha Nurseries:
- disputes that Ring has a qualifying disability under the NFEPA and ADA;
- alleges that Ring voluntarily terminated his employment and in the alternative was terminated for insubordination;
- disputes that there is evidence that these reasons were pretextual;
- alleges that the discontinuation of Ring's benefits was due to a clerical error and had nothing to do with Ring's alleged disability;
- disputes that Plaintiff is entitled to the damages claimed; and
- disputes that Defendant's conduct entitles Plaintiff to punitive damages.

2. **Disability Retaliation Claim** (Complaint Count II)
   a. **Whether Ring was unlawfully terminated in retaliation for requesting an accommodation in violation of the NFEPA and the ADA.**
      i. To establish unlawful retaliation under the NFEPA and the ADA, Ring must establish the following:
         1. he engaged in a protected activity;
         2. Lanoha Nurseries took an adverse action against him; and
         3. there was a "but-for" causal connection between the adverse action and the protected activity.
   b. **Whether Plaintiff suffered special damages as a result of Disability Discrimination and the extent of the same.**
      i. Back Wages
      ii. Front Wages
      iii. Out of Pocket Expenses
   c. **Whether Plaintiff suffered emotional distress damages as a result of Disability Discrimination and the extent of the same.**
   d. **Whether Defendant's conduct entitles Plaintiff to punitive damages.**

   **Relating to this claim, Lanoha Nurseries:**
   - does not dispute that Ring engaged in a protected activity when he requested time off for his Hepatitis C treatment;
   - alleges that Ring voluntarily terminated his employment and in the alternative was terminated for insubordination;
   - disputes that there was a "but-for" causal connection between the alleged adverse action and the protected activity;

6

- alleges that the discontinuation of Ring's benefits was due to a clerical error and had nothing to do with Ring's alleged protected activity;
- disputes that Plaintiff is entitles to the damages claimed; and
- disputes that Defendant's conduct entitles Plaintiff to punitive damages.

3. **FMLA Claim** (Complaint Count III)
   a. Whether Ring was unlawfully interfered with, restrained or denied the exercise of or the attempt to exercise an FMLA protected right under the Family and Medical Leave Act (FMLA).
      i. To establish this claim, Ring must establish the following:
         1. he engaged in a protected activity;
         2. Lanoha Nurseries took an adverse action against him; and
         3. there was a causal connection between the adverse action and the protected activity.
      ii. If Ring establishes his prima facie case, the burden shifts to Lanoha Nurseries to articulate a legitimate, nondiscriminatory reason for adverse action.
      iii. After articulating such a reason, the burden shifts back to Ring to present evidence that the reason is pretextual.
   b. Whether Plaintiff suffered special damages as a result of such conduct by the Defendant and the extent of the same.
      i. Back Wages
      ii. Front Wages
      iii. Liquidated Damages
      iv. Out of Pocket Expenses

Relating to this claim, Lanoha Nurseries:

7

- disputes that Ring was entitled to FMLA leave;
- alleges that Ring voluntarily terminated his employment and in the alternative was terminated for insubordination;
- disputes that there is a causal connection between the alleged adverse action and alleged protected activity;
- disputes that there is evidence that Lanoha's reasons were pretextual;
- alleges that the discontinuation of Ring's benefits was due to a clerical error and had nothing to do with Ring's alleged FMLA leave; and
- disputes that Plaintiff is entitled to damages claimed.

4. **Mitigation of Damages**

   Lanoha Nurseries claims that Ring failed to mitigate his damages.

5. **Witness Gregory Ring**

   Lanoha Nurseries objects to any testimony of Ring's witness, Gregory Ring. This witness has not been identified previously by Ring in any disclosures or discovery responses and was identified for the first time in Ring's exhibit and witness list submitted on February 1, 2019. The defendant shall file a Motion In Limine regarding this issue no later than February 22, 2019. The plaintiff shall file a response to the Motion in Limine no later than March 1, 2019.

6. **Character Witnesses**

   Lanoha Nurseries objects to any testimony of character witnesses. (Plaintiff indicated at the pretrial conference that none of his witnesses are character witnesses.)

8

**(D)** **Witnesses.** All witnesses, including rebuttal witnesses, expected to be called to testify by plaintiff, except those who may be called for impeachment purposes as defined in NECivR 16.2(c) only, are:

[List names and complete addresses of all persons who will testify in person only. Such list shall identify those witnesses the party expects to be present and those witnesses the party may call if the need arises, and shall also identify, by placing an "(F)" following the name, each witness whose only testimony is intended to establish foundation for an exhibit for which foundation has not been waived.]

1. **Ronald L. Ring**
   **1694 S. Elfrieda Rd**
   **Golden Valley, AZ 86413**
   **(Will Call)**

2. **Dave Lanoha**
   **19111 West Center Road**
   **Omaha, NE  68130**
   **(May Call)**

3. **Denise Miner**
   **19111 West Center Road**
   **Omaha, NE  68130**
   **(May Call)**

4. **Dan Landon**
   **19111 West Center Road**

9

Omaha, NE 68130
(May Call)

5. **Spouse of Dan Landon**
   500 W. Valley St.
   Valley, NE 68604
   (May Call)

6. **Tanner Bellamy**
   19111 West Center Road
   Omaha, NE 68130
   (May Call)

7. **Duane Sanne**
   19111 West Center Road
   Omaha, NE 68130
   (May Call)

8. **Kyle Bierman**
   442 South Ridge Road, Lot 20
   Fremont, NE 68025
   (May Call)

9. **Greg Ring (Defendant's object to this witness based on paragraph #5 above.)**
   820 Gemstone Ave
   Bullhead City, AZ 86442
   (Will Call)

10. **Dr. Timothy McCashland**

10

    **4400 Emile St.**
    **Omaha, NE 68105**
    **(May Call)**

11.  **Audrey Stewart**
    **14109 Pierce Plz, #53**
    **Omaha, NE 68144**
    **(May Call)**

12. **All Witnesses listed by Defendant**
    **(May Call)**

All witnesses expected to be called to testify by defendant, except those who may be called for impeachment purposes as defined in NECivR 16.2(c) only, are:

[Same instructions as above.]

1.  **Chris Lanoha**
    **19111 West Center Road**
    **Omaha, NE  68130**
    **(Will Call)**

2.  **Joe Sapp**
    **19111 West Center Road**
    **Omaha, NE  68130**
    **(Will Call)**

3.  **Denise Miner**
    **19111 West Center Road**
    **Omaha, NE  68130**

11

**(Will Call)**

4. **Jim Miner**
   **19111 West Center Road**
   **Omaha, NE  68130**
   **(May Call)**

5. **All witnesses listed by Plaintiff**
   **(May Call)**

It is understood that, except upon a showing of good cause, no witness whose name and address does not appear herein shall be permitted to testify over objection for any purpose except impeachment.  A witness whose only testimony is intended to establish foundation for an exhibit for which foundation has not been waived shall not be permitted to testify for any other purpose, over objection, unless such witness has been disclosed pursuant to Federal Rule of Civil Procedure 26(a)(3).  A witness appearing on any party's witness list may be called by any other party.

**(E)   Expert Witnesses' Qualifications.**  Experts to be called by plaintiff and their qualifications are:

[Set out the qualifications of each person expected to be called as an expert witness.  A curriculum vitae or resume may be attached in lieu of setting out the qualifications.]

**None.**

Experts to be called by defendant and their qualifications are:

[Same instructions as above.]

**None.**

**(F)   Voir Dire.**  Counsel have reviewed Federal Rule of Civil Procedure 47(a) and NECivR 47.2(a) and suggest the following with regard to the conduct of juror examination:

**Lanoha Nurseries requests that its attorneys be allowed to conduct a portion of voir dire.**

**Plaintiff requests that his counsel be allowed to conduct a portion of voir dire.**

**(G)   Number of Jurors.**  Counsel have reviewed Federal Rule of Civil Procedure 48 and NECivR 48.1 and suggest that this matter be tried to a jury composed of **12** members.

**(H)   Verdict.**  The parties **will not** stipulate to a less-than-unanimous verdict.

**(I)   Briefs, Instructions, and Proposed Findings.**  Counsel have reviewed NECivR 39.2(a), 51.1(a), and 52.1, and suggest the following schedule for filing trial briefs, proposed jury instructions, and proposed findings of fact, as applicable:

Trial Briefs shall be filed by March 29, 2019.

Proposed Jury Instructions shall be filed by April 1, 2019.  Any objections to the proposed jury instructions shall be filed by April 3, 2019.

**(J)   Length of Trial.**  Counsel estimate the length of trial will consume not less than **1** day(s), not more than **3** day(s), and probably about **2** day(s).

13

**(K)** **Trial Date.** Trial is set for **April 8, 2019**.


/s/ James D. Hamilton
James D. Hamilton
8600 Executive Woods Dr., Suite 200
Lincoln, NE 68512
Telephone: (402) 613-8912
Facsimile: (402) 328-0146
james@jameshamiltonlaw.com

**ATTORNEYS FOR PLAINTIFF**

/s/ A. Stevenson Bogue
A. Stevenson Bogue (#15509)
Ruth A. Horvatich (#24776)
McGrath North Mullin & Kratz, PC LLO
First National Tower, Suite 3700
1601 Dodge Street
Omaha, NE 68102
Telephone: (402) 341-3070
Facsimile: (402) 341-0216
sbogue@mcgrathnorth.com
rhorvatich@mcgrathnorth.com

**ATTORNEYS FOR DEFENDANT**

    BY THE COURT:

*Susan M Bazis*
Susan M. Bazis, U.S. Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| RONALD L. RING, | Case No. 8:17-CV-00235-RFR-SMB |
| Plaintiff, | |
| v. | LIST OF EXHIBITS |
| LANOHA NURSERIES, INC., | |
| Defendant. | |

| EXHIBIT NO. | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| PLF | DF | 3 PTY | DESCRIPTION | OFF | OBJ | RCVD | NOT RCVD | DATE |
| 1 | | | Lanoha Nurseries Employee Handbook (16 pages) | | | X | | |
| 2 | | | Letter of Reference for Plaintiff written by Chris Lanoha (1 page) | | | X | | |
| 3 | | | Letter of Recommendation signed by Jim Miner dated 3/12/16 (1 page) | | | X | | |
| 4 | | | Work Performance Assessment dated 4/8/13 (5 pages) | | | X | | |
| 5 | | | Discus Disability, LLC, Work Performance Assessment dated 4/17/13 (3 pages) | | | X | | |
| 6 | | | UHC Notice of Cancelation of Health Insurance dated 11/10/15 (1 page) | | | X | | |
| 7 | | | Nebraska Medicine Work Restriction Note dated 11/13 (1 page) | | | X | | |
| 8 | | | UHC Cancellation of health insurance notice dated 6/21/16 (1 page) | | | X | | |
| 9 | | | Plaintiff's Federal Income Tax Return, 2015 (112 pages) | | | X | | |
| 10 | | | Plaintiff's Federal Income Tax Return, 2016 (102 pages) | | | X | | |

| EXHIBIT NO. | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| PLF | DF | 3 PTY | DESCRIPTION | OFF | OBJ | RCVD | NOT RCVD | DATE |
| 11 | | | Ron Ring Resume (1 page) | | H; A; O[1] | | | |
| | 101 | | Lanoha Employee Handbook | | | X | | |
| | 102 | | Ring Employment Letter | | | X | | |
| | 103 | | Miner Letter of Reference – 3/12/16 | | | X | | |
| | 104 | | Letter Dicus Disability- 1/23/13 | | | X | | |
| | 105 | | 2015 Form 1040 | | | X | | |
| | 106 | | Disability Recommendation- 3/28/2013 | | | X | | |
| | 107 | | Disability Recommendation- 4/17/13 | | | X | | |
| | 108 | | Ring Medical Report- 11/1/17 | | | X | | |
| | 109 | | Ring Medical Report- 12/14/17 | | | X | | |
| | 110 | | Ring Medical Report-1/31/18 | | | X | | |
| | 111 | | Payroll Check History Report- 1/1/15–12/31/15 | | | X | | |
| | 112 | | Payroll Change Form- 6/24/14 | | | X | | |
| | 113 | | Motorcycling Photo-4/29/17 | | | X | | |
| | 114 | | Rafting Photo-6/2/17 | | | X | | |
| | 115 | | Mexico Photo-9/24/17 | R | | | | |
| | 116 | | Facebook Posts | R, H | | | | |

**OBJECTIONS**
    R: Relevancy
    H: Hearsay
    A: Authenticity
    O: Other (specify)

---

[1] This document was not produced during litigation.

2